Lucius C. Mitchell, trustee, plaintiff in error, *vs.* Joshua King, defendant in error.

1. A verdict in a claim case finding the property levied on not subject, is not illegal because the claimant did not show title to but one undivided half of the land when the plaintiff neither showed the possession of the defendant in execution or any title in him, except as to the one-half interest, and which claimant proved had been previously sold at a tax sale and his title under it.

2. Under the charter and ordinances of the city of Rome in 1863, an advertisement by the marshal of a sale under a tax *fi fa.* for thirty days was sufficient.

Claim. Tax. Rome. Before Judge BUCHANAN. Floyd Superior Court. January Term, 1874.

At the July term, 1866, of Floyd superior court, Mitchell, as trustee for Minerva E. Hicks, recovered a judgment based on attachment proceedings, against Lewis Campbell and John W. B. Nowlin, to be levied of certain property in the city of Rome therein specified. Execution issued, and a levy was made on October 9th, 1866. A claim was interposed by King.

Mitchell *vs*. King.

The plaintiff showed title in Campbell to an undivided half of the property in controversy. The claimant showed title out of him by virtue of a sale made under an execution in favor of the Mayor and Council of the city of Rome for taxes due for the year 1862, on the first Tuesday in January, 1863; also title in himself from the purchaser at this sale. It appeared that the advertisement of the property under the levy of the tax execution had only been for thirty days.

The jury found the property not subject. The plaintiff moved for a new trial because the verdict was contrary to the law and the evidence, and because the court erred in charging the jury that the advertisement of said property for thirty days, under the levy of the tax execution, was all that the law required. The motion was overruled and plaintiff excepted.

WARREN AKIN; MITCHELL & GLENN, for plaintiff in error.

SMITH & BRANHAM, for defendant.

TRIPPE, Judge.

1. One exception is, that the verdict finding the whole property not subject was against the evidence, because claimant only showed title of any sort to one-half. The reply is, that the plaintiff did not show title to but one-half in the defendants or either of them. Title to one-half was set up by the proof as having been in Nowlin. The plaintiff himself proved that Nowlin had conveyed that half to his co-defendant, Campbell, before the levy of the attachment. No possession was shown in Nowlin or Campbell after the levy. Therefore no *onus* was cast upon the plaintiff except as to the title to one-half. If he met the proof as to that half, he was entitled to the verdict finding the whole not subject. The whole property was levied on and claimed.

2. The other question is, was the advertisement of the levy and sale by the city marshal of Campbell's half interest,

for thirty days, sufficient? It is admitted that under the charter and ordinances of the city of Rome, in 1863, such sales were governed by the same rules and regulations which obtained in cases of sales for taxes due the state, and that the law in reference to judicial sales governed such tax sales. That law required an advertisement for thirty days where property had been returned to the receiver by the owner or agent and the tax not paid. But it is claimed that section 819 of the Code applied to this case. That section is, if the property *has not been returned by any one,* the tax collector shall, as soon as it is assessed, issue an execution for the tax, and the advertisement of the sale shall be for ninety days. But this is not applicable to this case. One witness states that he was agent for Campbell, and gave in the property to be taxed one year. Another witness states that that agent did give it in the year before the sale, that the tax was not paid, and that the property was sold to pay it, and the title of claimant arises under this sale. If this be so, the law as to advertisements for ninety days does not apply, nor had the act in Cobb's Digest, 1047 and 1048, any application under the facts of the case.

Judgment affirmed.